## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
RICHARD R. PALKIMAS,               :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :
                                   :          Civ. No. 3:08CV1836(AWT)
KATHY BELLA, ANDREW WHELAN,        :
ROBERT HALL, and                   :
RICKI GOLDSTEIN,                   :
                                   :
        Defendants.                :
------------------------------x
```

### RULING ON MOTION TO DISMISS

The plaintiff, Richard R. Palkimas, has brought this action pursuant to 28 U.S.C. § 1983 against Kathy Bella ("Bella"), Andrew Whelan ("Whelan"), Robert Hall ("Hall"), and Ricki Goldstein ("Goldstein"), claiming a violation of his constitutional right to privacy. The defendants have filed a motion to dismiss. For the reasons set forth below, the motion is being granted in part and denied in part.

### I.   FACTUAL ALLEGATIONS

The allegations set forth in the complaint are taken as true for purposes of the instant motion.

On December 2, 2005, Hall, a prosecuting attorney for the State of Connecticut, requested that Whelan, an employee of the State of Connecticut Department of Children and Families ("DCF"), write a letter containing confidential details about the plaintiff and his family to the Superior Court in Norwalk. Whelan caused Bella, another DCF employee, to transmit the letter to Hall. Hall

subsequently placed the document in an unsealed court file.

On July 26, 2006, Goldstein, another prosecuting attorney for the State of Connecticut, disclosed the document to a state court judge.  As a result, the plaintiff's placement in an anger management program was terminated and he was prosecuted on charges on which he would not otherwise have been prosecuted.

## II.   LEGAL STANDARD

A claim is properly dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim.  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings.[1]  See Makarova v. United States, 201 F.3d 110, 113 (2d

---

[1]In this case, insofar as the court decides the motion on the ground of absolute immunity, which is properly brought under Rule 12(b)(6), the court declines to consider the material outside the pleadings that were submitted with the motion to dismiss.  See Weissman v. Nat'l Ass'n of Sec. Dealers, Inc., 500 F.3d 1293 (11th Cir. 2007) (en banc) (reviewing denial of motion to dismiss on absolute immunity grounds under Rule 12(b)(6)); Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 428 (3d Cir. 2003) (noting in prosecutorial immunity context that the "absolute immunity defense . . . on a motion to dismiss translates to failure to state a claim" (quoting Krohn v. United States,742 F.2d 24, 29 (1st Cir. 1984)); see also State Emps. Bargaining Agent v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007)

Cir. 2000).

With the exception of the above, the standards for dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) are identical. <u>See</u> <u>Lerner v. Fleet Bank, N.A.</u>, 318 F.3d 113, 128 (2d Cir. 2004). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007)

---

(noting "legislative immunity is not a jurisdictional bar, but is rather a personal defense that may be asserted to challenge the sufficiency of a complaint under Rule 12(b)(6)"). Although the Motion to Dismiss was brought under Rules 12(b)(1) and 12(h)(3), both parties treat the motion as being brought under both Rules 12(b)(1) and 12(b)(6). (See Def.'s Mem. Law Supp. Mot. Dismiss (Doc. No. 18-2) ("Def.'s Br."), at 30 ("Amended Complaint Fails to State a Claim"); Br. Opp'n Mot. Dismiss (Doc. No. 19) at 1.) Accordingly, the court will construe the motion as being brought under Rule 12(b)(6) as well as Rule 12(b)(1).  See <u>EEOC v. Plaza Operating Partners, Ltd.</u>, No. 03 Civ. 7680 LTS FM, 2004 WL 1803269, at *2 (S.D.N.Y. Aug. 13, 2004) ("Having found that Defendant's motion to dismiss is predicated improperly on Rule 12(b)(1), the Court could construe the motion as one to dismiss under Rule 12(b)(6) . . . ."); <u>cf.</u> <u>Holowecki v. Fed. Express Corp.</u>, 440 F.3d 558, 565 (2d Cir. 2006) ("We construe the district court's ruling as a dismissal . . . under Federal Rule of Civil Procedure 12(b)(6) rather than . . . under Federal Rule of Civil Procedure 12(b)(1)."); <u>Allied Irish Banks, P.L.C. v. Bank of America, N.A.</u>, No. 03 Civ. 3748(DAB), 2006 WL 278138, at *5 n.5 (S.D.N.Y. Feb. 2, 2006) ("[T]he court construes . . . part of each Defendant's motion as a 12(b)(1) motion to dismiss . . . not as a 12(b)(6) motion to dismiss . . . .").

(citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (on a motion to dismiss, the courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557).  While "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)," <u>Twombly</u>, 550 U.S. at 555 (2007) (citations omitted) (footnote omitted), the plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" <u>Mytych v. May Dept. Stores Co.</u>, 34 F. Supp. 2d 130, 131 (D.Conn. 1999) (quoting <u>Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984)).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D.Conn. 1990) citing <u>Scheuer</u>, 416 U.S. at 236.

## III.  DISCUSSION

### A.    The <u>Rooker</u>-<u>Feldman</u> Doctrine

The defendants argue that the <u>Rooker</u>-<u>Feldman</u> doctrine deprives the court of subject matter jurisdiction over this case. The principle established by this doctrine is "that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments." <u>Hoblock v. Albany Cnty. Bd. of Elections</u>, 422 F. 3d 77, 84 (2d Cir. 2005).  However, the <u>Rooker</u>-<u>Feldman</u> doctrine,

> does not deprive a district court of subject-matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court.  If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he [or she] was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"

<u>Id.</u> at 86 (first alteration in original) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 293 (2005)).

The <u>Rooker</u>-<u>Feldman</u> doctrine applies where four conditions are met: (1) the federal court plaintiff lost in state court; (2) the federal court plaintiff complains of injuries caused by the state court judgment; (3) the federal court plaintiff seeks the district court's review and rejection of the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced.  <u>See Exxon Mobil</u>, 544 U.S. at 284.

The defendants contend that "the sole claim the plaintiff raises . . . was considered in the underlying state proceedings."

5

(Def.'s Br. 28.)  In support of their position, they cite <u>Phifer v. City of New York</u>, 289 F.3d 49, 56 (2d Cir. 2002), which based its analysis on the Second Circuit law at the time that "at a minimum" a claim would be "barred under the <u>Rooker</u>-<u>Feldman</u> doctrine if it would be barred under the principles of preclusion." <u>Phifer</u>, 289 F.3d at 56 (quoting <u>Moccio v. N.Y. State Office of Court Admin.</u>, 95 F.3d 195, 199-200 (2d Cir. 1996)). However, this analysis was subsequently rejected by the Supreme Court.  <u>See</u> <u>Hoblock</u>, 422 U.S. at 85 (noting that the Supreme Court cited <u>Moccio</u> as an example of lower courts "wrongly constru[ing] the <u>Rooker</u>-<u>Feldman</u> doctrine to extend far beyond the contours of the <u>Rooker</u> and <u>Feldman</u> cases") (internal quotation marks omitted). Since <u>Exxon Mobil</u> and <u>Hoblock</u> were decided, it has been clear that "the applicability of the <u>Rooker</u>-<u>Feldman</u> doctrine turns not on the <u>similarity</u> between a party's state-court and federal court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the <u>causal</u> <u>relationship</u> between the state-court judgment and the injury of which the party complains in federal court." <u>McKithen v. Brown</u>, 481 F.3d 89, 97-98 (2d Cir. 2007).

     However, a plaintiff cannot "avoid <u>Rooker</u>-<u>Feldman</u> simply by clever pleading– by alleging that actions taken <u>pursuant</u> <u>to</u> a court order violate his [or her] rights without ever challenging the court order itself." <u>Hoblock</u>, 422 F.3d at 88 (emphasis added).  Further, the Second Circuit has noted that it is "evident" that "a party is not complaining of an injury 'caused

by' a state judgment when the exact injury of which the party complains in federal court existed <u>prior</u> in time to the state-court proceedings." <u>McKithen</u>, 481 F.3d at 98. "A federal suit complains of injury from a state court judgment, even if it appears to complain of a third-party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." <u>Hoblock</u>, 422 F.3d at 88.

The plaintiff seeks money damages for an alleged violation of his constitutional right to privacy, not a reversal of his state court conviction. Although the actions that violated his right to privacy also may have led to his conviction, this is not a case where "a state court judgment cause[d] the challenged third-party action," but instead one where the challenged third-party action helped to provide evidence that led to a state court judgment. <u>Hoblock</u>, 422 F.3d at 88. The exact injuries– the writing of a letter and its publication in a court file– were prior to the state court judgment that it is argued bars the court from hearing this case. In fact, the actions complained of allegedly influenced that judgment. Accordingly, <u>Rooker</u>-<u>Feldman</u> does not deprive the court of subject matter jurisdiction in this case.

### B.   Absolute Immunity

The defendants argue that they are entitled to prosecutorial immunity in this matter. The Supreme Court has held that "in presenting the State's case, the prosecutor is immune from a civil

suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). "Imbler defined the scope of prosecutorial immunity not by the identity of the actor, but by reference to the 'function' performed." Warney v. Monroe Cnty., 587 F.3d 113, 121 (2d Cir. 2009)(citing Imbler, 424 U.S. at 430). "[A]cts that are 'intimately associated with the judicial phase of the criminal process'" are shielded by absolute immunity, while "'those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate'" are not. Warney, 587 F.3d at 121 (quoting Imbler, 424 U.S. at 430-31).

"Thus, to establish immunity, the 'ultimate question' is 'whether the prosecutors have carried their burden of establishing that they were functioning as "advocates" when they engaged in the challenged conduct.'" Warney, 587 F.3d at 121 (quoting Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996)). "[A] defendant's motivation in performing . . . advocative functions is irrelevant to the applicability of absolute immunity." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004). "A defendant engaged in advocative functions will be denied absolute immunity only if he acts without any colorable claim of authority." Id. at 504 (internal quotation marks omitted). Even conduct that is "reprehensible . . . does not make the prosecutor amenable to a civil suit for damages." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (internal quotation marks omitted).

The court concludes that Hall and Goldstein were acting in

their role as advocates by engaging in the conduct alleged in the
Amended Complaint.  The only allegation with respect to Goldstein
is that she "intentionally and maliciously disclosed [the letter
written by Whelan and filed with the court by Hall] to a state
court judge for the purpose of inflicting injury upon the
plaintiff by prejudicing the judge against the plaintiff and of
causing the judge to revoke the plaintiff's placement in an anger
management program authorized by Connecticut law."  (Am. Compl.
¶ 10.)  Bringing evidence to the attention of the court in an
attempt to influence its decision is at the core of an advocate's
role.  See Shmueli, 424 F.3d at 237 ("A prosecutor is also
entitled to absolute immunity despite allegations of his 'knowing
use of perjured testimony' and the 'deliberate withholding of
exculpatory information.'") (quoting Imbler, 424 U.S. at 431 n.
34); Storck v. Suffolk Cnty. Dep't of Soc. Servs., 62 F. Supp. 2d
927, 944 (E.D.N.Y. 1999) ("[E]x parte communications [between a
county attorney prosecuting a neglect proceeding and a family
court judge] regarding [a mother's] mental health relate to [the
county attorney's] prosecutorial functions in regard to the
neglect petition and are therefore subject to absolute
immunity . . . .").

     With regard to Hall, the Amended Complaint alleges that he
"express[ly] requested" that defendant Whelan write a letter
"addressed to 'Norwalk Superior Court'" and disclosed the letter
to "unauthorized court personnel" by "plac[ing the] document in an
open and unsealed public court file." (Am. Compl. ¶¶ 8,9.) This

9

conduct is closer to marshaling evidence for submission to the
court than an investigative officer's role in interviewing
witnesses.  As the Supreme Court has determined, "acts undertaken
by a prosecutor in preparing for the initiation of judicial
proceedings or for trial, and which occur in the course of his [or
her] role as an advocate for the State, are entitled to the
protections of absolute immunity." Buckley v. Fitzsimmons, 509
U.S. 259, 273 (1993).  Prosecutors are protected so long as they
do not step into "the detective's role in searching for the clues
and corroboration that might give [a prosecutor] probable cause to
recommend that a suspect be arrested."[2]  Id.  Acts protected as
part of the advocate's role include filing documents with the
court and preparing and retaining evidence to be presented at
trial.  See Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (noting
that "preparation and filing of . . .charging documents" is "quite
clear[ly] . . . protected by absolute immunity," but holding that
executing those filed documents "under penalty of perjury" is
"acting as a complaining witness rather than a lawyer"); Parkinson
v. Cozzolino, 238 F.3d 145, 152 (2d Cir. 2001) ("[T]he retention
of evidence, as a predicate to the presentation of evidence, is

---

[2]Comparison of this case to Buckley is helpful.  The Court
noted in Buckley that "the conduct of . . . prosecutors before
they convened a . . . grand jury to investigate the crime" and
before they had probable cause to arrest was investigative in
character, because "[a] prosecutor neither is, nor should
consider himself to be, an advocate before he has probable cause
to have anyone arrested."  Buckley, 509 U.S. at 274.  The Amended
Complaint contains neither any explicit allegation nor any
allegation that could support an inference that the prosecutors
were acting without probable cause.

critical to the prosecutor's functions as an advocate, and is thus covered by prosecutorial immunity.").

The defendants also argue that because the letter written by Whelan and transmitted by Bella was requested by prosecutors and "very clearly advocacy," the writing and transmission of the letter were likewise protected by prosecutorial immunity. (Def.'s Br. 22.)  "Because absolute immunity is essential to safeguarding the integrity of the judicial process, it extends to those performing functions closely associated with that process."  Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995).  This protection extends not only to prosecutors, but also to "persons working under their direction[] when they function as advocates for the state in circumstances 'intimately associated with the judicial phase of the criminal process.'"  Bernard, 356 F.3d at 502 (quoting Imbler, 424 U.S. at 430); see also Hill, 45 F.3d at 660 (finding non-prosecutors entitled to absolute immunity "because they acted as agents for the assistant district attorney").

However, the mere "express request" by prosecutors for information from employees of an entirely different state agency does not suffice to make these employees agents of the prosecutors or result in their work being under the prosecutors' direction. (Am. Compl. ¶ 8.)  Although Connecticut requires DCF workers to provide records to state prosecutors in certain situations, and in so doing arguably act as their agents, this case does not present one of those situations.  Connecticut General Statutes 17a-28(f)

11

mandates disclosure by the DCF Commissioner or the Commissioner's designee of records to state's attorneys "for purposes of investigating or prosecuting an allegation of <u>child</u> <u>abuse</u> <u>or</u> <u>neglect</u>."  Conn. Gen. Stat. § 17a-28(f)(2) (emphasis added). However, the Amended Complaint does not allege that the prosecution in this case was for child abuse or neglect. Consequently, the court concludes that Bella and Whelan were not acting under the authority of the prosecutors and are not entitled to their immunity.  Accordingly, the motion to dismiss is being denied with respect to Bella and Whelan.[3]

---

[3]The only allegation in the Amended Complaint with respect to Bella is that she was "caused [by Whelan]" to transmit the letter [written by Whelan] to . . . Hall."  (Am. Compl. ¶ 8.) Although it is not apparent that this states a claim against her, the defendants have not raised this point.  Instead, they make the general argument that the plaintiff has no viable legal theory and that his claim is subject to dismissal as a result. In addition, based on the papers that were submitted, the court can not reach the issue of qualified immunity.  The plaintiff appears to contend the violation of his constitutional right to privacy is demonstrated by the defendants' violation of Connecticut General Statutes § 17a-28, but the Second Circuit has noted that "[a] violation of a <u>constitutional</u> right typically cannot turn on a transgression of <u>state</u> law."  <u>Taravella v. Town of Wolcott</u>, 599 F.3d 129, 142 n.6 (2d Cir. 2010) (quoting <u>Rosenberg v. Martin</u>, 478 F.2d 520, 524 (2d Cir. 1973) ("'The <u>constitutional</u> right to privacy is not to be equated with the statutory right accorded by' New York law.")).  In addition, however, the plaintiff argues that the right to privacy extends to one's medical information.  The Second Circuit has "interposed a 'reasonable specificity' requirement on defining the contours of a constitutional right for qualified immunity purposes," <u>Redd v. Wright</u>, 597 F.3d 532, 536 (2d Cir. 2010), but this point was not raised by the defendants, so the plaintiff has not had an opportunity to address it.

## IV.    CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Doc. No. 18) is hereby GRANTED with respect to defendants Hall and Goldstein and DENIED with respect to defendants Bella and Whelan.

It is so ordered.

Signed this 6th day of July, 2010 at Hartford, Connecticut.


```
_____/s/AWT_____
     Alvin W. Thompson
United States District Judge
```